UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVID M. STRAITIFF,

              Plaintiff,

v.

HOTEL TECHNOLOGY SOLUTIONS, INC.,

              Defendant.

**REPORT, RECOMMENDATION AND ORDER**

09-CV-00781(S)(M)

---

This action was referred to me by Hon. William M. Skretny for supervision of pretrial proceedings, including preparation of a report and recommendation on dispositive motions [29].[1] Before me are the motions of defendant Hotel Technology Solutions, Inc. ("Hotel Technology") to amend its answer [18, 24]. For the following reasons, I recommend that Hotel Technology's first motion for leave to amend [18] be granted in part and denied in part, without prejudice, and I order that its second motion for leave to amend [24] be denied, without prejudice.

## BACKGROUND

Plaintiff alleges that in December 2006 he was hired as Hotel Technology's chief technology officer pursuant to an employment agreement. Complaint [1], ¶7. According to plaintiff, his employment continued without incident until March 2009, when his base pay was reduced by 10% and he was assigned reduced responsibilities. Id, ¶¶8-10. Because of this conduct, plaintiff voluntarily terminated his employment in June 2009. Id., ¶13. Plaintiff alleges

---

[1]     Bracketed references are to the CM/ECF docket.

that Hotel Technology breached the employment agreement and seeks, *inter alia*, a declaration that he had "good reason" under the employment agreement to terminate his employment, thereby entitling him to severance payments and an 18-month non-competition period. Id., ¶24.[2]

On November 25, 2009, the deadline for amending pleadings under the Case Management Order ([17], ¶5), Hotel Technology moved for leave to amend its answer to add two affirmative defenses (alleging verbal modifications of the employment agreement and spoliation of evidence) and a counterclaim seeking first, a declaration that plaintiff terminated his employment without good reason, and second, damages and/or injunctive relief for breach of the employment agreement. *See* plaintiff's proposed first amended answer and counterclaim [18-2]. On December 30, 2009, Hotel Technology filed a second motion for leave to amend its answer to assert an additional affirmative defense of election of remedies [24].

## ANALYSIS

### A.    Amendment Standard

Fed.R.Civ.P. ("Rule")15(a)(2) states that "the court should freely give leave [to amend] when justice so requires". Leave "should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." Milanese v. Rust-Oleum Corp., 244 F. 3d 104, 110 (2d Cir. 2001).

In opposing defendant's motions to amend its answer, plaintiff argues that amendment would be futile. Plaintiff's Memorandum of Law [26]. "An amendment will be

---

[2] The employment agreement provides that plaintiff's non-competition period is 3 years if he terminated his employment without "good reason". Proposed Amended Answer [18-2], Ex. 1, ¶5.

deemed futile, and the motion to amend denied, where the amendment would be subject to dismissal [under Rule 12(b)(6)] for failure to state a claim upon which relief may be granted." Christian v. Town of Riga, 649 F. Supp. 2d 84, 101 (W.D.N.Y. 2009) (Telesca, J.).

"Although the Court of Appeals for the Second Circuit has not ruled on whether a motion to amend a pleading is properly classified as dispositive or nondispositive, the weight of authority within this Circuit classifies a motion to amend a pleading as a non-dispositive pre-trial motion." Smith v. Goord, 2007 WL 496371, *2 (W.D.N.Y. 2007); Fielding v. Tollaksen, 510 F. 3d 175, 178 (2d Cir. 2007)("as a matter of case management, a district judge may refer nondispositive motions, such as a motion to amend the complaint, to a magistrate judge for decision without the parties' consent").

"On the other hand, some district courts in this circuit have held that a denial of a motion to amend is dispositive in situations where the denial is based on futility, because such a motion is analyzed under the same standard as a motion to dismiss for failure to state a claim or a motion for summary judgment, both of which are dispositive motions." Children First Foundation, Inc. v. Martinez, 2007 WL 4618524, *4 (N.D.N.Y. 2007). *See, e.g.,* Magee v. Paul Revere Life Ins. Co., 172 F.R.D. 627, 632 (E.D.N.Y. 1997) ("Defendant's motion for leave to amend the Answer results in a dispositive finding").

Erring on the side of caution, I will treat the motions as dispositive to the extent that the issue of futility of amendment is determinative of the outcome.

### B. Hotel Technology's First Motion to Amend [18]

#### 1. Thirteenth Affirmative Defense (Verbal Modifications)

For its proposed Thirteenth Defense, Hotel Technology alleges that "verbal modifications to the Employment Agreement were supported by adequate consideration, including partial performance by both parties". [18-2], ¶52. In opposing this amendment, plaintiff argues that Hotel Technologies has failed to provide any factual support for this defense necessary to withstand a Rule 12(b)(6) motion to dismiss, under the pleading standard set forth in Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937 (2009). Plaintiff's Memorandum of Law [26], Point III. Additionally, he argues that NY General Obligations Law §15-301(1) prohibits oral modifications to the employment agreement. Id.

In order "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face . . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, supra, 129 S. Ct. at 1949

While it is unclear whether Iqbal's "plausibility" pleading standard applies to affirmative defenses (see Del-Nat Tire Corp. v. A to Z Tire & Battery, Inc., 2009 WL 4884435, *1-2 (W.D.Tenn. 2009), citing conflicting authorities), I need not answer that question, for in Shechter v. Comptroller of City of New York, 79 F. 3d 265, 270 (2d Cir. 1996) (decided long before Iqbal), the Second Circuit made clear that "affirmative defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy".

Thus, under either Iqbal or Schechter, it is clear that Hotel Technology's proposed thirteenth defense, which is unsupported by any factual allegations elsewhere in the answer, has not been sufficiently pled.

That does not mean, however, that such a defense *could* not be alleged. Although "the general rule in New York is that a written agreement . . . that expressly states that it can be modified only in writing cannot be modified orally", D.A. Elia Construction Corp. v. U.S. Fidelity and Guaranty Co., 1997 WL 215526, *4 (W.D.N.Y. 1997)(Elfvin, J.), "there are two exceptions to this principle. First, an oral modification may be enforced when there has been partial performance of the agreement to modify, so long as the partial performance is unequivocally referable to the oral modification . . . . Second, when one party has induced the other party to rely on an oral modification, the first party may be equitably estopped from invoking the requirement that any modification be in writing." Towers Charter & Marine Corp. v. Cadillac Ins. Co., 894 F. 2d 516, 522 (2d Cir. 1990). "For either exception to apply, the conduct claimed to have resulted from the oral modification must be conduct that is inconsistent with the agreement as written." Id.

On the current record, I cannot conclude whether proper factual support for such a defense may exist. Therefore, I recommend that the motion to assert this defense be denied, with leave to renew upon a proper factual showing. *See* Tracy v. NVR, Inc., 2009 WL 3153150, *8 (W.D.N.Y. 2009) (Payson, M.J.), adopted as modified, 2009 WL 3647862 (W.D.N.Y. 2009) (Larimer, J.) ("Because NVR maintains that it has a factual basis for at least some of the affirmative defenses, NVR should be granted leave to replead to test that assertion").

## 2. Fourteenth Affirmative Defense (Spoliation)

For its proposed Fourteenth Affirmative Defense, Hotel Technology alleges that "Plaintiff is responsible for the spoliation of evidence inasmuch as, he had an obligation to protect and preserve evidence pertinent to this litigation and failed to do so." Plaintiff argues that this defense is futile because it fails to allege what evidence was destroyed, that plaintiff was culpable in destroying the evidence, and that the evidence would have been favorable to defendant. Plaintiff's Memorandum of Law [26], Point II.

While some courts have found that "spoliation is not a substantive claim or defense but a rule of evidence, and thus is administered at the discretion of the trial court", Hodge v. Wal-Mart Stores, Inc., 360 F. 3d 446, 450 (4th Cir.2004), New York courts have "begun to recognize a cause of action for spoliation of evidence; however, the New York Court of Appeals has not clarified whether it recognizes spoliation of evidence as a distinct cause of action." SAT International Corp. v. Great White Fleet (US) Ltd., 2006 WL 661042, *11 (S.D.N.Y. 2006); *see also* Pullins v. Klimley, 2008 WL 85871, *5 (S.D.Ohio 2008) ("Ohio recognizes the spoilation of evidence as an independent cause of action. . . . However, spoilation may also be raised as an affirmative defense").

"In jurisdictions that recognize the tort, the following elements must be established before a party may succeed on its spoilation of evidence claim: (1) pending or probable litigation involving the plaintiff; (2) knowledge on the part of the defendant that litigation exists or is probable; (3) willful or [*sic*] destruction of evidence by the defendant

designed to disrupt the plaintiff's case; (4) disruption of the plaintiff's case; and (5) damages proximately caused by the defendant's acts." Id., *11-12.[3]

Hotel Technology's proposed spoliation defense fails to recite all of the necessary elements, including that the destruction of evidence was willful. Therefore, I recommend that the motion to assert this defense likewise be denied, without prejudice to renewal upon a proper showing.

### 3. Counterclaim

Hotel Technology's proposed counterclaim seeks a declaratory judgment finding that plaintiff lacked "good reason" under the employment agreement to voluntarily terminate his employment, thereby making plaintiff's non-competition period 3 years. Proposed second amended complaint [24-2], counterclaim, ¶¶1-16. It also alleges that as a result of this conduct, plaintiff is in breach of his employment agreement. Id., ¶17-20. Plaintiff opposes the proposed counterclaim only to the extent it alleges breach of contract based on violation of the non-competition provision of the employment agreement. Plaintiff's Memorandum of Law [26], Point V.

As plaintiff concedes, "under New York law, a party asserting a claim for breach of contract must prove: (1) the existence of a contract; (2) breach by the other party; and (3)

---

[3] The elements plaintiff relies upon are those necessary for seeking sanctions for spoliation of evidence. Plaintiff's Memorandum of Law [26], p. 2 ("a party seeking sanctions for spoliation of evidence has the burden of proving three elements"), *quoting* Davis v. Speechworks International, Inc., 2005 WL 1206894, *3 (W.D.N.Y. 2005) (Foschio, M.J.)).

damages suffered as a consequence of the breach." Plaintiff's Memorandum of Law [26], p. 12 (*citing* Americorp Financial, Inc. v. St. Joseph's Hospital Health Center, 180 F. Supp. 2d 387 (N.D.N.Y. 2001)). "At this stage in the proceeding, a party need only plead, with sufficient factual detail, to the extent that it must sufficiently articulate a plausible claim upon which relief may be granted." Xstrata Canada Corp. v. Advanced Recycling Technology, Inc., 2009 WL 2163475, *3 (N.D.N.Y. 2009).

While plaintiff recognizes that "this does not require heightened fact pleading of specifics", plaintiff's Memorandum of Law [26], p. 13 (*quoting* Iqbal v. Hasty, 490 F. 3d 143, 157-58 (2d Cir. 2007)), he argues that "defendant asserts, without any factual support, that Plaintiff has contacted Defendant's vendors and customers . . . . [but] there is no allegation as to which vendors and/or customers the Plaintiff allegedly contacted, nor is there any allegation as to how Plaintiff's alleged contacts with Defendant's vendors and/or customers was a violation of the non-compete provisions of the Employment Agreement." Plaintiff's Memorandum of Law [26], pp. 13-14.

Plaintiff also argues that Hotel Technology's allegations are conclusory, and made only upon information and belief. Plaintiff's Memorandum of Law [26], p. 13. The allegations of the proposed counterclaim alleged upon information and belief relate to plaintiff's alleged re-activation of his consulting company and contact with Hotel Technology's customers. Proposed first amended answer [18-2], counterclaim, ¶¶7-9. To the extent this information is generally in plaintiff's knowledge and control, "pleading on the basis of information and belief is generally appropriate under such circumstances." Boykin v. KeyCorp, 521 F. 3d 202, 215 (2d Cir. 2008).

The proposed counterclaim attaches the employment agreement and alleges the three elements necessary for a breach of contract claim, including the existence of a binding and enforceable employment agreement between plaintiff and Hotel Technology which contains a non-competition clause (¶5), plaintiff's breach of this clause by competing through re-activation of his consulting company, which has joined an industry trade group and contacted several of Hotel Technology's customers and vendors with the "express purpose of engaging in business ventures that compete with [Hotel Technology]", and damages as a result of that competition. Proposed amended answer [18-2], counterclaims ¶¶1-20. These allegations are "sufficient to demonstrate a right to relief beyond the speculative level", and satisfy "the minimal pleading standards required by the Federal Rules." Xstrata Canada Corp., supra, 2009 WL 2163475, *3.

Therefore, I recommend that the motion to amend be granted to the extent it seeks to add a counterclaim.

C.  **Hotel Technology's Second Motion to Amend [24]**

Hotel Technology's second motion to amend seeks to add a defense that "all or part of plaintiff's claims are barred by the doctrine of election of remedies". Proposed second amended answer [24-2], ¶52. However, this motion was not filed until December 30, 2009, whereas the Case Management Order ("CMO") required it to be filed by November 25, 2009 [17, ¶5], and further provided that "extensions may be granted, for good cause shown, only upon motion". Id., p. 3.

Although plaintiff has not argued that the second motion is untimely, "courts possess extensive power to regulate discovery and enforce their scheduling orders". Convolve,

Inc. v. Compaq Computer Corp., 643 F. Supp. 2d 336, 340 (S.D.N.Y. 2008). This court has held that "a party seeking to amend a pleading after the date specified in a scheduling order must first show 'good cause' for the amendment under Rule 16(b); then, if good cause can be shown, the party must demonstrate that the amendment is proper under Rule 15(a)." Carnrite v. Granada Hospital Group, Inc., 175 F.R.D. 439, 446 (W.D.N.Y. 1997)(Arcara, J./Foschio, M.J.); Presbyterian Church of Sudan v. Talisman Energy, Inc., 582 F. 3d 244, 267 (2d Cir. 2009) ("Once the deadline for amendment in a scheduling order has passed, leave to amend may be denied where the moving party has failed to establish good cause").

"'To demonstrate good cause a party must show that despite their diligence the [CMO] time table could not have reasonably been met.'" Carnrite, supra, 175 F.R.D. at 446. Because Hotel Technology has failed to show why its second motion could not have been filed prior to the CMO deadline (November 25, 2009), its second motion must be denied. "Strict enforcement of the good cause requirement of Rule 16 may seem like unnecessarily strong medicine. But if the courts do not take seriously their own scheduling orders who will?" Carnrite, supra, 175 F.R.D. at 448.

Therefore, I order[4] that Hotel Technology's second motion to amend be denied, without prejudice to renewal upon a showing of good cause for failure to move within the CMO deadline, as well as merit to the proposed additional defense.

---

[4] See Sokol Holdings, Inc. v. BMB Munai, Inc. 2009 WL 3467756, *4 (S.D.N.Y. 2009) ("Here, the Magistrate Judge's denial of leave to amend is based on a procedural violation - to wit, non-compliance with a scheduling order without a showing of 'good cause' - rather than a substantive determination on the merit of Plaintiffs' claims. The specific circumstances of the instant motion and the weight of opinion in this Circuit suggest that application of the 'clearly erroneous' standard of review is appropriate").

## CONCLUSION

For these reasons, I recommend that Hotel Technology's first motion to amend [18] be granted as to the proposed counterclaim but denied as to the proposed affirmative defenses, without prejudice to renewal upon a proper showing; and I order that its second motion to amend [24] be denied, without prejudice to renewal upon a proper showing. Pursuant to 28 U.S.C. §636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within 14 days after receipt of a copy of this Report and Recommendation.

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co., 840 F. 2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn, 474 U.S. 140 (1985); Wesolek v. Canadair Ltd., 838 F. 2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules of Civil Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made

and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

**SO ORDERED.**

DATED: February 26, 2010

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge
